# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
RENEE WOODS, as mother and
natural guardian of minor, T.W., and
RYAN WOODS, as father and
natural guardian of minor, T.W.,

           Petitioners,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

           Respondent.
* * * * * * * * * * * * * * * * * * * *

No. 16-1520V

Special Master Christian J. Moran

Filed: December 7, 2020

Attorneys' Fees and Costs

<u>Jeffrey S. Pop</u>, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioners;
<u>Darryl R. Wishard</u>, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioners' motion for final attorneys' fees and costs. They are awarded **$109,359.27**.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

\*   \*   \*

On November 15, 2016, petitioners filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34, on behalf of their minor child, T.W. Petitioners alleged that the diphtheria-tetanus-acellular pertussis, measles-mumps, rubella, inactivated poliovirus, and varicella vaccines T.W. received on January 14, 2014, which are contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), caused T.W. to suffer macrophagic myofasciitis. Petitioners further alleged that T.W. suffered the residual effects of this injury for more than six months. On November 4, 2019, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on the December 11, 2019.

On June 9, 2020, petitioners filed a motion for final attorneys' fees and costs ("Fees App."). Petitioners request attorneys' fees of $64,612.20 and attorneys' costs of $47,041.02 for a total request of $111,653.22. Fees App. at 9. Pursuant to General Order No. 9, petitioners warrant that they have not personally incurred any costs related to the prosecution of her case. Fees App. Ex. 8. On June 10, 2020, respondent filed a response to petitioners' motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioners did not file a reply thereafter.

\*   \*   \*

Because petitioners received compensation, they are entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial

2

calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

  A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioners request the following rates of compensation for the work of their counsel: for Mr. Jeffrey Pop, $420.00 per hour for work performed in 2016-2018, and $453.00 per hour for work performed in 2019-2020; and for Ms. Kristina Grigorian, $250.00 per hour for work performed in 2016-2018 and $292.00 per hour for work performed in 2019-2020. Fees App. Ex. 2 at 2. The undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what the undersigned and other special masters have previously awarded to petitioners' counsel for their Vaccine Program work. See, e.g, Boeske v. Sec'y of Health & Human Servs., No. 16-1685V, 2019 WL 2865253 (Fed. Cl. Spec. Mstr. May 24, 2019); Meade v. Sec'y of Health & Human Servs., No. 17-1633V, 2019 WL 4256281 (Fed. Cl. Spec. Mstr. Aug. 14, 2019). Accordingly, the requested hourly rates are reasonable.

  B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

3

The undersigned has reviewed the submitted billing entries and finds the time billed on this matter to be largely reasonable, with only minor reductions necessary. First, 2.5 hours of law clerk time was expended on organizing binders of medical records and articles for one of petitioners' medical experts, which has previously been ruled as a clerical/secretarial task. See Dempsey v. Sec'y of Health & Human Servs., No. 17-324V, 2019 WL 7189884, at *2 (Fed. Cl. Spec. Mstr. Nov. 5, 2019) (citing Rochester v. U.S., 18 Cl. Ct. 379, 287 (1989)). Another recurring issue is the time expended by Ms. Grigorian on preparing notices of filing. Ms. Grigorian billed, at a minimum, 0.2 hours to prepare these, many of which are a single page describing a filed exhibit. Even the more robust notices are at most two pages, and for those Ms. Grigorian billed more time. For example, on November 16, 2017, she billed a total of 1.9 hours to draft three notices, each containing approximately one page of text (not inclusive of the case caption or the signature). In the undersigned's experience, this time is excessive, particularly for an experienced attorney like Ms. Grigorian. The undersigned will therefore reduce the time expended on preparing these notices by 50%.

In sum, the total amount of reductions for attorneys' fees is $825.20. Petitioners are therefore awarded final attorneys' fees of $63,787.00.

C.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioners request a total of $47,041.02 in attorneys' costs. The majority of this amount is for work done by petitioners' medical experts, Dr. Hannes Vogel (who prepared three reports), Dr. Paul Utz (two reports), Dr. Chunyu Cai (one report), and Dr. Jane Tavyev Asher (one report). The remainder of the costs are for acquiring medical records and postage.

The costs associated with medical records and postage all appear reasonable in the undersigned's experience and shall be fully reimbursed. The costs for expert work require further discussion because petitioners have offered little in overall justification of the requested hourly rates. Petitioners bear the burden of establishing the reasonableness of their request. See Scharfenberger v. Sec'y of Health & Human Servs., 124 Fed. Cl. 225, 234 (2015) ("[I]t is clear that petitioner bears the burden of proof and respondent in fact is not required to make any objection for the special master to deny fees and costs[.]") (citation omitted).

First, petitioners request an hourly rate of $500.00 per hour for the work of Dr. Vogel. Dr. Vogel is a board certified in neuropathology and is currently the director of neuropathology at the Stanford University School of Medicine. Fees App. at 7. Other neuropathologists who have provided expert work in the Vaccine Program have been awarded rates similar to what is sought for Dr. Vogel See, e.g., Mulroy v. Sec'y of Health & Human Servs., No. 15-1324V, 2017 WL 4585570, at *5 (Fed. Cl. Spec. Mstr. Sept. 19, 2017) (awarding Dr. Douglas Miller $500.00 per hour); Hoskins v. Sec'y of Health & Human Servs., No. 15-71V, 2017 WL 3379270, at *4 (Fed. Cl. Spec. Mstr. Jul. 12, 2017) (awarding Dr. Balko $450.00 per hour). Based upon Dr. Vogel's credentials, the undersigned finds that $500.00 per hour is a reasonable hourly rate for his work, and that the hours he billed in this case are reasonable.

Next, petitioners request an hourly rate of $500.00 per hour for the work of Dr. Paul Utz. Dr. Utz is certified in rheumatology, has previously served as the acting chief of rheumatology at Stanford University School of Medicine, and is currently the Director of Stanford's Medical Scientist Training Program. Fees App. at 6. Dr. Utz's hourly rate has previously been found to be reasonable by other special masters. See, e.g., Sartain v. Sec'y of Health & Human Servs., No. 16-41V, 2020 WL 1893478 (Fed. Cl. Spec. Mstr. Mar. 4, 2020); Parker v. Sec'y of Health & Human Servs., No. 14-979V, 2020 WL 1304182, at *4 (Fed. Cl. Spec. Mstr. Feb. 7, 2020). The undersigned finds that this hourly rate is reasonable for Dr. Utz's work in the instant case as well, and that the hours billed by Dr. Utz are reasonable.

Petitioner's next request $500.00 per hour for the work of Dr. Jane Tavyev Asher. Dr. Tavyev is a pediatric neurologist who is certified by the American Board of Psychiatry and Neurology, with special qualification in child neurology, and is presently an assistant professor of pediatrics and neurology at Cedars-Sinai Medical Center and an assistant professor of pediatrics and bio-behavioral sciences at UCLA.  Fees App. at 8. The undersigned has recently discussed the topic of reasonable hourly rates for neurologists at some length. Lewis v. Sec'y of Health & Human Servs., No. 15-907V, 2020 WL 6071671, at *7-8. Compared to some of the other neurologists who have offered testimony in the Vaccine Program, Dr. Tavyev does not possess extraordinary credentials which justify a high hourly rate, such as an additional background in immunology. In the undersigned's experience, a reasonable hourly rate for Dr. Tavyev's work is $425.00 per hour. Application of this rate to her billed hours (which are reasonable for the work she performed in this case) results in a reduction of $1,368.75.

Finally, petitioners request an hourly rate of $500.00 per hour for the work of Dr. Chunyu Cai. Dr. Cai is board certified in pathology (AP/NP) and is presently an assistant professor in pathology at the UT Southwestern Medical Center in Dallas, Texas. Fees App. at 7. Because Dr. Cai was a treating pathologist for T.W., his ability to opine and confirm the results of Morin staining performed on T.W. during the course of his treatment was helpful. However, a comparison between the experience of Dr. Cai and petitioners' other neuropathologist, Dr. Vogel, is striking. While not intending to diminish Dr. Cai's credentials in any way, in the undersigned's experience, Dr. Vogel's credentials and experience in the field of pathology are more robust and thus deserving of a higher hourly rate. In the undersigned's experience, an hourly rate of $450.00 is reasonable for the work of Dr. Cai. Dr. Cai's billed hours are reasonable. Thus, the resulting reduction is $100.00.

Petitioners are therefore awarded final attorneys' costs of $45,572.27.

### E. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$109,359.27** (representing $63,787.00 in attorneys' fees and $45,572.27 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioners and their counsel, Mr. Jeffrey Pop.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

                                                    s/Christian J. Moran
                                                    Christian J. Moran
                                                    Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.